IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KAREN HENSLER,<br><br>    Plaintiff,<br><br>v.<br><br>WAL-MART STORES, INC.,<br><br>    Defendant. | CIVIL ACTION<br>NO. 18-3051 |

**OPINION**

**Slomsky, J.**                                         **February 14, 2019**

**I. INTRODUCTION**

On March 26, 2018, Plaintiff Karen Hensler filed a complaint in the Court of Common Pleas of Philadelphia County against Defendant Wal-Mart Stores, Inc., alleging negligence on the part of Defendant for injuries Plaintiff suffered from a slip and fall accident that occurred on the premises of Defendant's store located in Philadelphia, Pennsylvania. On July 19, 2018, Defendant removed the case to this Court based on diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332(a).[1]

Before the Court is Plaintiff's Motion to Remand the case to the Court of Common Pleas of Philadelphia County. (Doc. No. 7.) Although Plaintiff agrees that the requirements of diversity of citizenship jurisdiction have been met insofar as the parties are diverse and the amount in controversy exceeds $75,000, Plaintiff argues this case should be remanded because Defendant's removal was untimely. On August 27, 2018, Defendant filed a Response in Opposition to

---

[1] As explained in Section III, infra, 28 U.S.C. § 1332(a) provides in relevant part: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ."

Plaintiff's Motion to Remand. (Doc. No. 9.) Plaintiff did not file a Reply. On October 25, 2018, the Court held a hearing on the Motion to Remand. The Motion is now ripe for a decision. For the reasons that follow, Plaintiff's Motion to Remand will be granted.

## II. BACKGROUND

### A. Factual Background

On April 9, 2016, Plaintiff Karen Hensler ("Plaintiff" or "Hensler") slipped and fell at a Wal-Mart store owned by Defendant Wal-Mart Stores Inc. ("Defendant" or "Walmart"), located at 4301 Byberry Road, Philadelphia, Pennsylvania. (Doc. No. 7 ¶ 1; Doc. No. 7-4 ¶ 5.) Plaintiff alleges her accident "was caused solely from the negligence and carelessness of Defendant" because Defendant failed to, among other things: (1) "correct the defective condition" at the store; (2) "properly, completely and thoroughly inspect the property"; and (3) "promptly and carefully post warning signs and/or post notices to warn individuals of the defective condition" at the store.[2] (Doc. No. 1 at 13, ¶ 11.) Plaintiff claims several injuries from her fall, specifically alleging the following:

> As a direct and proximate result of Defendant's negligence, Plaintiff sustained severe and multiple injuries, both internal and external, to and about her body, and extremities and/or the aggravation of pre-existing conditions thereto, if any, with injury to her bones, joints, nerves and nervous system, including, but not limited to: right hand, right thumb, right knee, internal injuries, severe aches, pains, mental anxiety and anguish, severe shock to her entire nervous system, exacerbation of all known and unknown pre-existing medical conditions, if any, that will represent a permanent and substantial impairment of Plaintiff's bodily functioning that substantially impairs Plaintiff's ability to perform her daily life activities, and the full extent of which is not yet known.

(Id. ¶ 12.) In addition to physical injuries, Plaintiff avers that her accident has caused her to suffer "mental anguish, humiliation, and embarrassment . . . ." (Id. ¶ 13.)

---

[2] In the Complaint and subsequent pleadings, Plaintiff fails to specify what "defective condition" at Defendant's store caused her to slip and fall.

With respect to damages, Plaintiff claims that she has incurred and will continue to incur "various expenditures for the injuries she has suffered," including medical expenses and "severe loss of her earnings and/or impairment of her earning capacity." (Id. ¶¶ 14-15, 17.)

**B.     Procedural History**

On March 26, 2018, Plaintiff initiated this action by filing a one-count negligence Complaint (the "Complaint") against Defendant in the Court of Common Pleas of Philadelphia County. (Doc. No. 7-4 at 2-7.) Plaintiff requested the following relief from Defendant in the ad damnum clause of the Complaint:

> **WHEREFORE**, Plaintiff, Karen Hensler, demands judgment in his [sic] favor and against Defendant, Wal-Mart Stores, Inc. d/b/a Wal-Mart Store #2650, for compensatory damages in excess of fifty-thousand dollars ($50,000.00) together with interests and costs of suit.

(Doc. No. 1 at 14.) Along with the Complaint, Plaintiff filed a civil cover sheet on which she checked a box to indicate that the "amount in controversy" involved in the case was in excess of $50,000. (Id. at 2.)

On April 11, 2018, Plaintiff filed an Affidavit of Service in state court, certifying that Defendant was served with a copy of the Complaint on March 30, 2018. (Id. at 9-11.) On April 20, 2018, Defendant filed Preliminary Objections to the Complaint. (Id. at 14-16.) On May 14, 2018, the state court denied Defendant's Preliminary Objections as moot.[3] (Doc. No. 7-4 at 32.)

---

[3] In its Preliminary Objections, Defendant argued the Complaint should be dismissed in its entirety because Plaintiff attached a verification to the Complaint that was signed by counsel, and not herself, in violation of Pennsylvania Rule of Civil Procedure 1024. (Doc. No. 7-4 at 14-16.) Plaintiff subsequently substituted the first verification with a proper verification, thereby mooting Defendant's Preliminary Objections. (Doc. No. 9 ¶ 5.)

Plaintiff states in the Motion to Remand that "[t]he Philadelphia County Court of Common Pleas marked the Preliminary Objections moot" on May 17, 2018. (Doc. No. 7 ¶ 5.) The Order mooting Defendant's Preliminary Objections, which is attached to Plaintiff's Motion as Exhibit D, was signed on May 14, 2018. (Doc. No. 7-4 at 32.) The Court will defer to the date on the Order.

On May 22, 2018, Defendant timely filed an Answer with New Matter in state court. (Id. at 34-37.) In Paragraph 22 of the New Matter, Defendant asserted: "Plaintiff's damages, if any, are limited to an amount not in excess of $75,000 at the trial of this matter." (Id. at 36 ¶ 22.) On June 7, 2018, Plaintiff filed a Reply to New Matter. (Id. at 41-42.) In response to Paragraph 22, Plaintiff replied as follows:

> The allegations contained in this paragraph constitute conclusions of law to which a responsive pleading is neither necessary nor required pursuant to the Pennsylvania Rules of Civil Procedure. However, to the extent that there are allegations of fact contained therein, same are denied, deemed at issue, and strict proof thereof is demanded at time of trial if deemed necessary or relevant.

(Id. at 42 ¶ 22.) On June 25, 2018, Plaintiff filed a Case Management Conference Memorandum (the "CMC Memo") in state court. (Id. at 45-47.) The CMC Memo set forth, for the first time, Plaintiff's initial settlement demand of $325,000. (Id. at 47.)

On July 19, 2018, Defendant removed the case to this Court based on diversity of citizenship jurisdiction pursuant to 28 U.S.C. §§ 1332.[4] (Doc. No. 1.) In the Notice of Removal, Defendant claims the Court has jurisdiction "because the parties are citizens of different states, and the matter in controversy exceeds $75,0000." (Id. ¶¶ 13-18.) Defendant further claims that the Notice of Removal is timely under 28 U.S.C. § 1446(b)(3) because it was filed within thirty days of when Defendant received Plaintiff's CMC Memo on June 25, 2018.[5] (Id. ¶ 19.) Defendant contends that it was not on notice that the amount in controversy requirement of the case exceeded

---

[4] 28 U.S.C. § 1332(a) provides in relevant part: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ."

[5] 28 U.S.C. § 1446(b)(3) provides: "Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

4

the jurisdictional minimum until it saw Plaintiff's settlement demand of $325,000 in the CMC Memo. (Id. ¶ 21.)

On August 13, 2018, Plaintiff filed the instant Motion to Remand to the Court of Common Pleas of Philadelphia County, arguing the case should be remanded because Defendant's Notice of Removal was untimely. (Doc. No. 7.) Plaintiff contends that Defendant should have removed this case on or before April 29, 2018, within thirty days of being served with the Complaint or, alternatively, on or before July 7, 2018, within thirty days of being served with Plaintiff's Reply to New Matter. (Id.) On August 27, 2018, Defendant filed a Response in Opposition to Plaintiff's Motion. (Doc. No. 9.) Defendant argues its Notice of Removal was timely because neither the Complaint nor Plaintiff's Reply to New Matter gave Defendant a reasonable and intelligent basis from which to conclude the amount in controversy exceeded $75,000. (Id.) Defendant contends it first ascertained the case was removable after it was served with a copy of Plaintiff's CMC Memo on June 25, 2018, which stated Plaintiff's $325,00 settlement demand. (Id.)

On October 25, 2018, the Court held a hearing on the Motion. For the reasons that follow, the Motion will be granted.

### III.  STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1441, a defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." § 1441(a). Generally, a defendant must remove the case within thirty days of receipt of the initial pleading setting forth the claim for relief—normally, the complaint. 28 U.S.C. § 1446(b)(1). However, "if the case stated by the initial pleading is not removable solely because the amount in controversy does not exceed the amount specified in section 1332(a)", a defendant may file a notice of removal "within 30 days after receipt . . . of a copy of an amended pleading, motion, order or other paper

5

from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. §§ 1446(b)(3), (c)(3)(A).

A district court has original jurisdiction over a civil action between citizens of different states where "the matter in controversy exceeds the sum or value of $75,000." 28 U.S.C. § 1332(a)(1). The "matter in controversy", more commonly referred to as the "amount in controversy," "does not need to be stated in the initial pleading to trigger the running of the 30-day period for removal under 28 U.S.C. § 1446(b)." Ricketts v. Wal-Mart Stores East, LP, No. 13-7585, 2014 WL 2514615, at *2 (E.D. Pa. June 3, 2014). Rather, the 30-day period for removal under § 1446(b) begins to run only once a defendant can "reasonably and intelligently conclude that the amount in controversy exceeds the jurisdiction minimum." Id. (internal quotation and citation omitted). When the case is not removable based on the initial pleading because the amount in controversy does not exceed $75,000, "[i]nformation related to the amount in controversy in the record of the state court proceeding . . . qualifies as 'other paper' under § 1446(b)(3). Young v. Wal-Mart Stores East, LP, No. 14-06692, 2015 WL 1137089, at *1 (E.D. Pa. Mar. 12, 2015) (citing 28 U.S.C. § 1446(c)(3)(A)).

The removing party bears the burden to show that federal jurisdiction exists. Samuel-Basset v. Kia Motors Am., Inc., 357 F.3d 392, 396 (3d Cir. 2004). "Removal statutes 'are to be strictly construed against removal and all doubts should be resolved in favor of remand.'" Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 (3d Cir. 1992) (quoting Steel Valley Author. v. Union Switch & Signal Div., 809 F.2d 1006, 1012 n.6 (3d Cir. 1987)). If the court determines that federal subject matter jurisdiction is lacking, or that notice of removal was untimely filed, the case must be remanded. 28 U.S.C. § 1447(c).

## IV. ANALYSIS

The parties do not dispute that the requirements of diversity of citizenship jurisdiction have been met in this case—the parties are diverse and the amount in controversy exceeds $75,000. The only issue before the Court on Plaintiff's Motion to Remand is whether Defendant's Notice of Removal filed on July 19, 2018 was timely. Plaintiff argues Defendant's Notice of Removal was untimely because it should have been filed by April 29, 2018, within thirty days of being served with the Complaint, or, alternatively, by July 7, 2018, within thirty days of being served with Plaintiff's Reply to New Matter. (Doc. No. 7.) Defendant argues that the Notice of Removal was timely because neither the Complaint nor the Reply to New Matter put Defendant on notice that this case was removable. (Doc. No. 9.) Defendant contends that it became aware that the case was removable only after it was served with a copy of Plaintiff's CMC Memo on June 25, 2018, in which Plaintiff made an initial settlement demand of $325,000. (Id.) Defendant therefore claims it had until July 25, 2018, thirty days of when it received the CMC Memo, to remove the case to this Court. (Id.)

For the reasons discussed infra, the Court is satisfied that Defendant's thirty-day removal period began on June 7, 2018, once it was served with Plaintiff's Reply to New Matter. As such, Defendant had thirty days from June 7, 2018 to file its Notice of Removal, making Defendant's removal deadline July 7, 2018. Because Defendant did not file its Notice of Removal until July 19, 2018, the Notice of Removal was untimely and this case will be remanded to state court.

### A. The Complaint Does Not Contain The Requisite Notice Of The Amount In Controversy To Trigger The Thirty-Day Removal Period

Plaintiff first argues that Defendant's Notice of Removal was untimely because service of the Complaint on March 30, 2018 triggered Defendant's thirty-day removal period and, thus, Defendant had until April 29, 2018 to remove this case to this Court. (Doc. No. 7.) Plaintiff

contends that from the Complaint, "Defendant Wal-Mart reasonably and intelligently could have concluded that the above captioned matter was seeking damages in excess of $75,000.00 as the last paragraph of Plaintiff's Civil Act Complaint is seeking damages in excess of $50,000.00." (Doc. No. 7 ¶ 26.) Defendant argues that Plaintiff's allegations in the Complaint and claim for damages in excess of $50,000 was "insufficient to form a basis for removal" and that, consequently, service of the Complaint did not trigger Defendant's thirty-day removal period. (Doc. No. 9 ¶ 12.) For the following reasons, the Court agrees with Defendant that service of the Complaint did not commence the thirty-day removal period.

The Court must look to the four corners of the Complaint to determine whether the allegations in it should have put Defendant on notice that Plaintiff's damages exceeded $75,000. Bishop v. Sam's East, Inc., No. 08-4450, 2009 WL 1795316, at *2 (E.D. Pa. June 23, 2009). In general, the removal period is not triggered by service of the complaint when, as is the case here, "a complaint fails to specifically allege damages that permit a defendant to conclude, to a legal certainty, that the amount in controversy is met . . . ." Judge v. Philadelphia Premium Outlets, No. 10-1553, 2010 WL 2376122, at *3 (E.D. Pa. June 8, 2010) (collecting cases in which the court held the complaint did not trigger the removal period because the damages sought were uncertain, even though the plaintiff alleged multiple and serious injuries).

Plaintiff claims that even though the Complaint does not allege an amount certain in damages, it nevertheless establishes that she was seeking damages over the jurisdictional minimum of $75,000 because the last paragraph of the Complaint alleged damages in excess of $50,000. (Doc. No. 7-2 at 4.) The last paragraph of the Complaint, referred to as the ad damnum clause, reads as follows:

> **WHEREFORE**, Plaintiff, Karen Hensler, demands judgment in his [sic] favor and against Defendant, Wal-Mart Stores, Inc. d/b/a Wal-Mart Store #2650, for

compensatory damages in excess of fifty-thousand dollars ($50,000.00) together with interests and costs of suit.

(Doc. No. 1 at 14.)

Even so, Plaintiff's allegation of damages in excess of $50,000 did not put Defendant on notice that this case was removable. Other cases from this court have consistently held that an allegation of damages in excess of $50,000 is merely a mechanism by which plaintiffs avoid submitting the case to compulsory arbitration,[6] and is not sufficient notice that the amount in controversy threshold for federal jurisdiction has been met. See Young v. Wal-Mart Stores East, LP, No. 14-6692, 2015 WL 1137089, at *3 (E.D. Pa. Mar. 12, 2015).

For example, in Young, much like the facts of this case, the plaintiff slipped and fell at a Wal-Mart store and sued Wal-Mart for negligence. Id. at *1. In the complaint, the plaintiff alleged the following injuries:

> ERICA YOUNG sustained injuries to the following: left ankle, chest, arms, decreased strength and reduced range of motion of left ankle; total body disability; shock and injury to her nerves, emotional and nervous system, which injuries are of a permanent nature with permanent disabilities and loss of function; together with various other injuries, the exact extent of which are unknown at this time as she continues to consult with specialists to determine the exact extent of the injury and any required treatment.

Id. at *2. The complaint also contained an ad damnum clause for damages "in excess of $50,000." Id. at *1 (alterations omitted).

The defendant in Young waited to remove the case until after plaintiff filed a reply to new matter. Id. The plaintiff moved to remand, arguing defendant should have removed within thirty days of being served with the complaint. Id. The court denied the motion to remand, holding that

---

[6] In the Court of Common Pleas of Philadelphia County, where this case was initially filed, all matters in which the amount in controversy is less than $50,000 are referred to compulsory arbitration. 42 Pa. Cons. Stat. Ann. § 7361.

the complaint, even with the ad damnum clause, did not put defendant on notice that the amount in controversy requirement had been satisfied:

> The jurisdictional amount is not ascertainable from a reasonable reading of the Complaint . . . . While Young's filings allege apparently serious medical injuries, they do not include any monetary amount of damages other than an open-ended claim for damages in excess of $50,000. Young does not specify the extent of the physical and financial injuries allegedly sustained, or provide any information about her employment and financial status, actual cost of medical treatment received, amount of earnings lost, or amount of projected future medical treatments or lost wages. Such general and boilerplate allegations were not enough for Wal-Mart to conduct an objective calculation of damages such that it was notice that the $75,000 amount in controversy requirement had been met.

Id. at *3 (internal citation omitted).

Similarly, in Alston v. Wal-Mart Stores East, L.P., plaintiff sued Wal-Mart for injuries she sustained from a slip and fall accident that occurred at a Philadelphia Wal-Mart store. No. 12-3491, 2012 WL 4321973 (E.D. Pa. Sept. 20, 2012). In the complaint, plaintiff alleged she had suffered several injuries and had incurred related expenses:

> [M]ultiple injuries, including, but not limited to, a fracture of the left ankle, cervical sprain and strain, left shoulder strain and sprain, thoracic strain and sprain, lumbar strain and sprain, together with shock and injury to her nerves and nervous system. . . . As a result, plaintiff is also alleged to have experienced physical pain, expended undisclosed sums for medical care, and incurred additional expenses.

Id. at *1 (internal citations omitted). In the demand for relief, plaintiff sought "an amount in excess of the jurisdictional amount requiring submission to Arbitration" or, in other words, an amount in excess of $50,000. Id. Defendant did not remove the case until it received plaintiff's reply to new matter, in which plaintiff denied defendant's allegation that her damages were limited to an amount not exceeding $75,000. Id. Plaintiff moved to remand, arguing defendant should have removed within thirty days of being served with the complaint. Id. The court denied the motion to remand, finding that defendant's removal was timely because plaintiff's "general allegations of injury and

10

the demand in excess of the arbitration limits was not enough to commence the thirty-day filing period . . . ." Id. at *2.

Finally, the court in Bishop v. Sam's East, Inc., another personal injury case, held that vague allegations of injury and a demand for damages "in excess of $50,000" is not enough to put a defendant on notice for removal. No. 08-4550, 2009 WL 1795316 (E.D. Pa. Jun 23, 2009). In Bishop, the plaintiff slipped and fell at a Sam's Club store. Id. at *1. Much like the Complaint in this case, the complaint in Bishop alleged the following with respect to the plaintiff's injuries and expenses:

> Here, the complaint alleges that Plaintiff "suffered injuries which include but are not limited to, fracture of the right tibial tubercle with a free fragment screw head, injuries to the nerves and nervous system and various other ills and injuries." (Compl. ¶ 12.) The complaint further alleges that Plaintiff suffered "mental and physical traumatic anxiety reaction, nervousness and other psychological and emotional disorders," thereby "depriving [her] of life's pleasures together with great embarrassment and humiliation." (Id. ¶ 13.) As a result of these injuries, the complaint alleges that Plaintiff "has and will in the future continue to spend large sums of money for medicine and medical care in and about an effort to effect a cure for the aforesaid injuries." (Id. ¶ 14.) In addition, the complaint alleges that Plaintiff "has and will in the future be unable to attend or perform her usual daily duties" and "will be deprived . . . of earnings and earning capacity." (Id. ¶¶ 15-16.) The ad damnum clause of the complaint demands damages "in excess of $50,000."

Id. at *3. Defendants waited to remove the case until after plaintiff filed a reply to new matter denying defendant's allegation that the amount in controversy did not exceed $75,000. Id. at *1. Plaintiff moved to remand based on timeliness and the court denied, holding in relevant part:

> [T]he complaint alleges that Plaintiff has suffered a variety of "ill and injuries" and "psychological and emotional disorders" that have deprived her of "life's pleasures." The complaint alleges no facts to indicate the magnitude of the alleged reduced earnings capacity and other damages except that . . . the ad damnum clause demands damages "in excess of $50,000." Based on the complaint, Defendant could not have conducted an objective calculation of damages that would have placed them on notice of an amount in controversy in excess of $75,000. The allegations in the complaint standing alone are too vague to allow such a determination. Accordingly, the complaint did not trigger the thirty-day period for filing of Defendant's notice of removal.

11

Id. at *4.

Here, like in Young, Alston, and Bishop, Defendant could not reasonably and intelligently conclude from the Complaint that the amount in controversy of this case exceeded $75,000. The allegations of the Complaint with respect to Plaintiff's injuries, while several, are all vague and undefined. Moreover, the Complaint contains no specific facts "to indicate the magnitude" of any of Plaintiff's alleged damages and injury-related expenses. Bishop, 2009 WL 1795316, at *4. Aside from the allegations of the Complaint, the ad damnum clause and the civil cover sheet also did not put Defendant on notice that this case was removable. "By alleging an amount in excess of $50,000, Plaintiff was simply complying with the state law obligation to either invoke or avoid arbitration in state court." Judge v. Philadelphia Premium Outlets, No. 10-1553, 2010 WL 2376122, at *5 (E.D. Pa. June 8, 2010).

Accordingly, the Court is satisfied that the Complaint did not trigger Defendant's thirty-day period for filing a notice of removal.

**B.   The Reply to New Matter Does Contain The Requisite Notice Of The Amount In Controversy To Trigger The Thirty-Day Removal Period**

Because the Complaint did not trigger Defendant's thirty-day removal period, the question for the Court to decide is when Defendant's thirty-day removal period commenced. Arguing in the alternative, Plaintiff submits that Defendant's thirty-day removal period began on June 7, 2018, when Plaintiff filed a Reply to New Matter in which she denied Defendant's allegation that her damages were limited to an amount not exceeding $75,000. (Doc. No. 7-2 at 4.) Defendant argues its thirty-day removal period did not begin until June 25, 2018, when it received a copy of Plaintiff's CMC Memo in which Plaintiff made a $325,000 settlement demand. (Doc. No. 9 ¶¶ 12-13.) For the reasons that follow, the Court agrees with Plaintiff that Defendant's removal period began on June 7, 2018 when it was served with a copy of the Reply to New Matter.

As noted, where a case is not removable based on the complaint, a defendant may file a notice of removal "within 30 days after receipt . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. §§ 1446(b)(3), (c)(3)(A). A reply to new matter qualifies as "other paper" for purposes of 28 U.S.C. § 1446(b) if it puts a defendant on notice that the amount in controversy exceeds $75,000. See Bishop, 2009 WL 1795316, at *4-5 (noting that although the Third Circuit has not defined "other paper" under § 1446(b), other courts in this district "have concluded that 'other paper' is an inclusive phrase that covers a wide array of documents," including a reply to new matter) (citing Brown v. Modell's PA II, Inc., No. 08-1528, 2008 WL 2600253, at *3 (E.D. Pa. July 1, 2008)).

Here, the Court is satisfied that Plaintiff's Reply to New Matter put Defendant on notice that the amount in controversy exceeded $75,000. Defendant alleged in its Answer with New Matter that "Plaintiff's damages, if any, are limited to an amount not in excess of $75,000 at the trial of this matter." (Doc. No. 7-4 at 36 ¶ 22.) In Plaintiff's Reply to New Matter, she denied this allegation and responded as follows:

> The allegations contained in this paragraph constitute conclusions of law to which a responsive pleading is neither necessary nor required pursuant to the Pennsylvania Rules of Civil Procedure. However, to the extent that there are allegations of fact contained therein, same are denied, deemed at issue, and strict proof thereof is demanded at time of trial if deemed necessary or relevant.

(Doc. No. 7-4 at 42 ¶ 22.) The latter half of Plaintiff's response, in which she outright denies Defendant's damages allegation, clearly establishes that Plaintiff was seeking damages in excess of the jurisdictional minimum.

Moreover, the court decisions cited supra for why the Complaint in this case did not trigger the removal period all support the conclusion that Defendant's removal period was triggered by

Plaintiff's Reply to New Matter. In Young, the court determined that defendant's thirty-day removal period began once plaintiff filed her reply to new matter. 2015 WL 1137089, at *5. Like the present action, the plaintiff's reply to new matter in Young denied defendant's allegation that plaintiff's damages did not exceed $75,000. Id. at *1. The court deemed plaintiff's reply to new matter sufficient notice to defendant that the "$75,000 amount in controversy had been met." Id. at *5.

Similarly, in Alston, the court held that defendant's notice of removal was timely based on plaintiff's reply to new matter. 2012 WL 4321973, at *2. In Alston, the defendant's answer with new matter alleged that plaintiff's damages did not exceed $50,000 or $75,000. Id. Plaintiff's reply denied both allegations. Id. The court held that plaintiff's denials constituted sufficient notice to defendant that the amount in controversy exceeded $75,000. Id.

Finally, the court in Bishop denied plaintiff's motion to remand upon finding that defendants' removal was timely filed within thirty days of being served with plaintiff's reply to new matter, and not the complaint. The defendants in Bishop answered the complaint with "ten paragraphs of new matter, one of which stated that 'Plaintiff's damages are not in excess of $75,000.'" 2009 WL 1795316, at *1. In plaintiff's reply to new matter, she denied the allegation regarding damages as a legal conclusion. Id. The court held that plaintiff's denial triggered defendants' removal period because it "placed Defendant on notice that the amount in controversy was over $75,000." Id. at *5.

Similar to the cases discussed above, Plaintiff's Reply to New Matter put Defendant on notice that the amount in controversy exceeded $75,000. Defendant nevertheless maintains that it could not reasonably and intelligently conclude from the Reply to New Matter that the amount in controversy exceeded $75,0000 because Plaintiff's response consisted of an objection and a

14

"vague, boilerplate response." (Doc. No. 9-2 at 6.) Defendant attempts to justify its decision to not seek removal when the Reply was filed by arguing that a similar response to new matter was deemed insufficient for removal purposes in Ricketts v. Wal-Mart Stores East, LP., No. 13-7585, 2014 WL 2514615 (E.D. Pa. June 3, 2014). The Court is not convinced that Ricketts supports Defendant's argument.

In Ricketts, the plaintiff suffered injuries at a Philadelphia Wal-Mart store and sued for negligence in state court. In the complaint, plaintiff sought damages "not in excess of $50,000." Id. at *1. The defendant filed an answer with new matter, alleging that plaintiff's damages were not in excess of $75,000. Id. In response, plaintiff did not admit or deny the allegation, but rather asserted that the allegation was "a legal conclusion to which no response is required by the Pennsylvania Rules of Civil Procedure." Id. at *2. Construing plaintiff's response as a denial, defendant removed the case to federal court. Id. Plaintiff moved to remand, arguing the notice of removal was untimely. Id. The district court remanded the case on the basis that neither the complaint nor plaintiff's reply to new matter established federal subject matter jurisdiction:

> Even if Plaintiffs' inartful response [to new matter] constituted a denial rather than an admission, it does not suggest that Plaintiffs' amount in controversy is any different than what they alleged in their Complaint – an amount not exceeding $50,000. In other words, Defendant could not have reasonably and intelligently concluded based on Plaintiffs' response to new matter that the jurisdictional amount would be greater than $75,000.

Id. at *3.

Defendant argues that filing a notice of removal after Plaintiff's Reply to New Matter would have been premature since Plaintiff's Reply in this case is like the one filed by the plaintiff in Ricketts. Defendant's reliance on Ricketts is misplaced because the facts of Ricketts differ significantly from the facts of this case. For one, the plaintiff in Ricketts explicitly alleged in the complaint that her damages were not in excess of $50,000. Id. at *1. The opposite is true of the

15

Complaint in this case because Plaintiff claimed in both the ad damnum clause and the civil cover sheet of the Complaint that the amount in controversy exceeded $50,000. (See Doc. No. 7-4 at 2.)

Moreover, the replies to new matter are distinguishable between Ricketts and this case. In Ricketts, plaintiff did not admit or deny defendant's allegation regarding damages and instead asserted that no response was required because the defendant's allegation was a legal conclusion. 2014 WL 2514615, at *1. In this case, Plaintiff also asserted that Defendant's damages allegation was a legal conclusion, but then took her Reply to New Matter one step further by asserting the following: "to the extent that there are allegations of fact contained therein, same are denied, deemed at issue, and strict proof thereof is demanded at time of trial if deemed necessary or relevant." (Doc. No. 7-4 at 42 ¶ 22.) Plaintiff's Reply to New Matter, unlike the reply to new matter in Ricketts, explicitly denied Defendant's damages allegation and deemed damages "at issue."

Plaintiff's Reply to New Matter put Defendant on notice that she was seeking damages in excess of $75,000. Consequently, Defendant's thirty-day removal period commenced on June 7, 2018, when the Reply to New Matter was filed. Defendant had until July 7, 2018, thirty days later, to file its Notice of Removal. Because Defendant did not file its Notice of Removal until July 19, 2018, twelve days past the thirty-day deadline, the Notice of Removal was untimely, and remand is warranted.

## V. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand (Doc. No. 7) will be granted. The case will be remanded back to the Court of Common Pleas of Philadelphia County. An appropriate Order follows.